927 F.2d 606
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kim D. WINOKUR, Theron J. Hunter, a minor, Monique D.
Hunter, a minor, Davee L. Hunter, a minor,
Plaintiffs-Appellants,
v.
ANN ARBOR PUBLIC SCHOOLS, Richard Benjamin, William Wade,
Mike Madison, H. David Yamamoto, Robert Moseley, Gava
Graham, Deborah Hoffman, Wanda Montibeller, Lamar Whitmore,
Elizabeth Michaels, Ron Williamson Unknown Ann Arbor Public
Schools Bus Driver For Monique Hunter, Nicole Sefton,
Defendants-Appellees.
 No. 90-1942.
 United States Court of Appeals, Sixth Circuit.
 Feb. 26, 1991.
 
 E.D.Mich., No. 90-70088; Cohn, J.
 E.D.Mich.
 AFFIRMED.
 Before MERRITT, Chief Judge, and KENNEDY and NATHANIEL R. JONES, Circuit Judges.
 
 ORDER
 
 1
 These pro se Michigan plaintiffs appeal the district court's summary judgment dismissing their civil rights complaint filed under 42 U.S.C. Sec. 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 Kim Winokur and her three minor children alleged that defendants disenrolled the children from Ann Arbor Public Schools in violation of their constitutional rights. Defendants included the Ann Arbor Public Schools and thirteen school officials and employees sued in their individual and official capacities. Plaintiffs sought declaratory, injunctive and monetary relief.
 
 
 3
 The controversy arose when Winokur objected to changes in school transportation arrangements for her daughter Monique. Discussions about transportation led to an investigation of plaintiffs' residency and the children's eligibility to attend Ann Arbor schools. Winokur refused to provide proof of residency. She asserted that the request was an unreasonable violation of privacy.
 
 
 4
 The district court conducted a hearing on plaintiffs' claims for injunctive relief. At the court's request, Winokur provided proof of residency. Her children were re-enrolled in Ann Arbor Schools and the claims for injunctive relief were dropped. The district court subsequently granted defendants' motion for summary judgment and the action was dismissed.
 
 
 5
 Upon review, we conclude that summary judgment was proper. See Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 (1986).
 
 
 6
 First, there is no genuine issue of material fact. The parties dispute whether plaintiffs were residents of Ann Arbor when the children were removed from the school rolls. This dispute does not present a genuine issue of material fact because, even when viewed in a light favorable to the nonmoving party, it does not support a jury verdict in favor of plaintiffs. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
 
 
 7
 Defendants are entitled to judgment as a matter of law. The children were not removed from school rolls in violation of due process. See Horton v. Marshall Public School, 769 F.2d 1323, 1333-34 (8th Cir.1985). Moreover, there is no cognizable right under state law to privacy in one's name and address. See State Employees Ass'n v. Department of Management & Budget, 428 Mich. 104, 404 N.W.2d 606, 615-16 (1987).
 
 
 8
 Finally, to the extent the defendants are sued in their official capacity, they are not subject to suit for monetary damages under 42 U.S.C. Sec. 1983. See Will v. Michigan Dep't of State Police, 109 S.Ct. 2304, 2311 (1989). Defendants are also immune from suit for damages under state law because plaintiffs did not allege conduct that was grossly negligent. See Mich. Comp. Laws Sec. 691.1407.
 
 
 9
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.